## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FL MED INVEST LLC, | |
| Plaintiff, | |
| v. | Case No. 26-cv-482 |
| ATTWILL VASCULAR TECHNOLOGIES LP, | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff FL Med Invest LLC ("FL Med" or "Plaintiff"), by and through its attorneys, Foley & Lardner LLP, and as and for its causes of action against Defendant Attwill Vascular Technologies LP ("Attwill" or "Defendant") alleges and shows to the Court as follows:

## PARTIES

1. FL Med is a Delaware limited liability company. Plaintiff's members are adult citizens of Florida, and Plaintiff is therefore considered a citizen of Florida for purposes of diversity jurisdiction. Its principal place of business is located in Florida.

2. Attwill is a limited partnership organized under the laws of Delaware. Its principal place of business is in Lodi, Wisconsin.

3. For purposes of diversity of citizenship jurisdiction, Attwill's citizenship is determined by the citizenship of each of its general and limited partners. Upon information and belief, none of Attwill's partners are citizens of Florida; therefore, complete diversity exists.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4919-7385-1306.3

5. Venue is proper because the parties agreed to the jurisdiction and venue of this Court in the contract forming the basis for this action.

**FACTUAL ALLEGATIONS**

6. In or around February 2021, FL Med invested $500,000 into Attwill.

7. The investment was made pursuant to a Convertible Note and Warrant Purchase Agreement ("Agreement"), a Convertible Note (the "Note"), and a Warrant (collectively, the "Loan Documents").  True and correct copies of the forms of the Loan Documents are attached hereto as **Exhibit A**.  However, Attwill has repeatedly refused to provide the executed copies to FL Med.

8. FL Med fully performed its obligations under the Loan Documents by transferring $500,000 to Attwill in February 2021.

9. Defendant accepted and retained the $500,000, thereby ratifying the terms of the Loan Documents through its performance and acceptance of the benefit.

10. Despite receiving the funds, Attwill failed to provide FL Med with executed copies of the Loan Documents and has since refused repeated requests for the same.

11. Pursuant to the Note, Attwill was required to make periodic interest payments at a rate of 8% *per annum*.

12. Attwill has failed to make any interest payments to date and is currently in default of at least $200,000 in accrued interest.

13. The Note matured no later than May 2023.  Section 2 of the Note provides that at any time after the maturity date, "all outstanding principal and unpaid and accrued interest . . . shall be payable within 30 days following the Company's receipt of demand" for payment by the holder.

4919-7385-1306.3

14.     FL Med sent Attwill a formal demand for payment on August 20, 2025.  The 30-day cure period expired on or about September 19, 2025.

15.     Following the demand, Attwill's CEO acknowledged the debt and requested additional time to gather the funds.

16.     After months of delay, Defendant ceased responding to FL Med and has failed to pay the principal and interest due.

17.     All conditions precedent to this action have been satisfied or waived.

18.     Pursuant to Section 7(c) of the Note, Attwill shall pay all costs and expenses, including reasonable attorneys' fees, incurred in the enforcement of the Note.

## COUNT I
### Breach of Contract

19.     FL Med realleges and incorporates the preceding paragraphs as if fully set forth herein.

20.     The Loan Documents constitute valid and binding contracts between the parties, evidenced by FL Med's payment and Attwill's acceptance and retention of the $500,000 investment.

21.     Attwill breached the Note by failing to make periodic interest payments and failing to remit all principal and interest within 30 days of the August 2025 demand.

22.     FL Med has been damaged by these breaches.

## COUNT II
### Promissory Estoppel
### (In the Alternative)

23.     FL Med realleges and incorporates the preceding paragraphs as if fully set forth herein.

- 3 -

4919-7385-1306.3

24. Attwill made clear and definite promises to FL Med regarding the accrual of interest and the repayment of principal on demand to induce FL Med's investment.

25. Attwill reasonably expected FL Med to rely on these promises, and FL Med did so by transmitting the $500,000 to Attwill.

26. Injustice can only be avoided by enforcing these promises, as Attwill has retained the $500,000 for five years without compensation to FL Med.

## COUNT III
### Unjust Enrichment
### (In the Alternative)

27. FL Med realleges and incorporates paragraphs 1-26 as if fully set forth herein.

28. FL Med conferred a $500,000 benefit on Attwill with the expectation of repayment and interest.

29. Attwill was fully aware of the benefit and expectation of return yet has inequitably retained these funds despite the demand for repayment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FL Med Invest LLC respectfully requests that the Court enter judgment in its favor and grant the following relief:

A. On Count I, damages in an amount to be determined at trial, but not less than $700,000, representing the outstanding principal and accrued interest due under the Loan Documents, together with additional damages allowed by law, post-judgment interest, costs, and reasonable attorneys' fees;

B. To the extent damages are not fully awarded on Count I, then on Count II, Plaintiff requests damages in the amount of $700,000, representing the amounts FL Med reasonably expected to receive, together with additional damages, interest, and costs as permitted by law;

4919-7385-1306.3

C.      To the extent damages are not fully awarded on Count I or Count II, restitution in the amount of $500,000, together with the value of the interest retained by Attwill, plus any additional damages and costs allowed by law;

D.      Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated this 22nd day of May, 2026.                    Respectfully submitted,


                                                                 */s/ Eric J. Hatchell*
                                                                 Eric J. Hatchell, WI Bar No. 1082542
                                                                 Joseph S. Harper, WI Bar. No. 1105486
                                                                 FOLEY & LARDNER LLP
                                                                 150 E. Gilman St., Suite 5000
                                                                 Madison, WI  53703-1482
                                                                 (P) 608.258.4270
                                                                 (F) 608.258.4258
                                                                 ehatchell@foley.com
                                                                 jharper@foley.com

                                                                 *Attorneys for the Plaintiff*

4919-7385-1306.3