IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FL MED INVEST LLC,

Plaintiff, ORDER

v. 26-cv-482-wmc

ATTWILL VASCULAR TECHNOLOGIES LP,

Defendant.

---

This case is scheduled for a default hearing on December 9, 2026, regarding defendant's alleged breach of certain loan documents and, in the alternative, plaintiff's claims for promissory estoppel and unjust enrichment. A review of plaintiff’s submissions shows that plaintiff did not address the issue of personal jurisdiction in its motion for default judgment. *See Swaim v. Moltan Co*., 73 F.3d 711, 717 (7th Cir. 1996) (defects in personal jurisdiction not waived by failure to answer complaint). While plaintiff alleges in its complaint that defendant's principal place of business is in Lodi, Wisconsin, and the loan documents contain a forum selection clause agreeing to the jurisdiction of this court (dkt. #4 at 1-2), the loan documents were never executed and, by itself, a contract with a state resident does not "automatically” establish a basis for exercising jurisdiction. *Citadel Group Ltd. v. Washington Regional Medical Center*, 536 F.3d 757, 761 (7th Cir. 2008). Plaintiff also has yet to explain why the unexecuted loan agreement is sufficient to establish either personal jurisdiction or liability for breach of contract in this case. Plaintiff seeks $715,024.62 in damages, including a $500,000 payment it made to defendant, $196,666.67 in pre-judgment interest, $17,800 in attorneys’ fees, and $557.95 in costs.

However, even when the defendant defaults, the plaintiff must prove its damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Accordingly, plaintiff may have until Friday, November 27, 2026, to supplement its motion for default judgment with a memorandum citing any relevant legal authority and, as necessary, providing additional evidence to: (1) show the exercise of personal jurisdiction is appropriate in this case under the forum selection clause in the parties' unsigned contract, OR alternatively, under the Due Process Clause and Wisconsin's long-arm statute; AND (2) support its claim for damages, including entitlement to an award of prejudgment interest and requested attorney fees. Any claim to legal fees must also include all invoices and proof of payment or other proof of commercial reasonableness.

Entered this 16th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge